The United States District Court
District of Massachusetts

FILING FEE PAID:
29961
1500
DSJ
3/30/01

| | |
|---|---|
| Dr. Bruce W. Lowney, Plaintiff ) | Civil Action No. |
| ) | |
| v. ) | |
| ) | **01-10541RCL** |
| Boston University, Boston ) | |
| University Benefits Plan, and ) | |
| Boston University General ) | |
| Surgical Associates, INC. ) | |
| Defendant ) | |
| ) | |

**COMPLAINT**

Now comes the plaintiff, Dr. Bruce W. Lowney, and for his complaint alleges as follows:

<u>Parties</u>

1. Plaintiff is an individual residing in Newton, Commonwealth of Massachusetts. At all times relevant herein he was duly licensed medical doctor with a specialty in general surgery.

2. Defendant, Boston University, (hereinafter "B.U.") is a charitable, educational institution with a principal place of business in Boston, Commonwealth of Massachusetts. As part of its graduate curriculum, B.U. operates a medical school in Boston known as Boston University School of Medicine (hereinafter "BUSM"). At all times relevant herein

1



plaintiff was a member of the BUSM teaching faculty. B.U. is an "employer" within the meaning of 29 U S C §1002 (5). Plaintiff is informed and believes and therefore avers that B.U. is an "administrator" within the meaning of 29 U.S.C. §1002 15(A) and that B.U. is a "fiduciary" within the meaning of 29 U.S.C. §1002 21 (A).

3. Defendant, Boston University General Surgical Associates, Inc., (hereinafter "BUGSA") is a corporation organized and existing pursuant to the laws of the Commonwealth of Massachusetts with a principal place of business at 88 East Newton St. Boston, Massachusetts. BUGSA is a faculty practice corporation for the Department of General Surgery of Boston University School of Medicine. BUGSA provides research, teaching and administrative services for BUSM and Boston Medical Center. Plaintiff is informed and believes that BUGSA is a "fiduciary" within the meaning of 29 U.S.C. § 1002 21A).

4. Defendant Boston University Benefit Plan (hereinafter the "Plan") is an "employee benefit plan" within the meaning of 29 U.S. C. §1002 (3).

## Jurisdiction

5. This court's jurisdiction is based upon the Employee Retirement Income Security Act, ("ERISA") 29 U.S.C. §1132 (e) and (f).

## Facts

6. Pursuant to a certain Agreement (hereinafter the "Agreement") dated April 1, 1995 by and between plaintiff and BUGSA, BUGSA appointed plaintiff a participating professional member of the corporation and an employee physician. Plaintiff is also a "participant" within the meaning of 29 U.S.C. §1002 (7).

7. The Agreement provided, inter alia, a compensation schedule for the plaintiff and further provided that the plaintiff's compensation would be paid by B.U. as a common paymaster and would include amounts due the plaintiff from BUGSA as well as any sums owed to plaintiff by B.U. as compensation.

8. The Agreement provided that plaintiff would be eligible to participate in the B.U. "benefit plans" made available generally under the B.U. common paymaster system, which included the Plan.

9. Plaintiff has fully performed his obligations under the Agreement.

10. At the very outset of his employment with BUGSA plaintiff informed the appropriate personnel that he did not wish to participate in the B.U. pension plan because plaintiff had, by that time, an adequately funded pension plan of his own. Plaintiff also informed the personnel that he did not wish to participate in the B.U. sponsored health insurance plan since he already was receiving health insurance benefits from another source.

11. Plaintiff is informed and believes and, therefore, avers that despite his request B.U. deducted certain amounts from his compensation ostensibly for the purpose of paying his medical insurance premiums and making contributions to a pension plan for B.U. faculty and employees all as part of the Plan.

12. Plaintiff is informed and believes and, therefore, avers that B.U. and BUGSA in violation of their fiduciary duties owed to the plaintiff deducted significant sums from plaintiff's compensation and made no contributions on his behalf to the Plan. The money withheld from the plaintiff's

compensation became an asset of the Plan by operation of law.

13. Plaintiff has made repeated requests to both B.U. and BUGSA for information concerning any amounts that may have been withheld from his compensation for pension benefits or health insurance benefits. B.U. and BUGSA acting through their authorized agents have refused to supply plaintiff with any of the information requested. It was only when plaintiff retained counsel did he obtain any information regarding the sums withheld from his compensation and even that information was so minimal that it was unenlightening.

14. Plaintiff is informed and believes and, therefore, avers that either B.U. individually or B.U. and BUGSA acting in concert and in violation of their fiduciary duties converted the money withheld from his compensation to their own use and benefit.

15. Plaintiff has made demand on BUGSA and B.U. for restitution of the funds that have been withheld from his compensation and not credited to any benefit plan on his behalf. Alternatively, plaintiff has requested that the money

withheld for pension benefits be paid in his name and account to the proper pension plan. The defendants have refused to make any reimbursement.

## Count I Breach of Fiduciary Duty

16. Plaintiff repeats and realleges the allegations of paragraphs 1 through 15 as if set forth fully herein.

17. By withholding funds from plaintiff's compensation and not making any contribution to either a pension plan or a health insurance plan, B.U. and BUGSA committed a breach of their fiduciary duties and are liable to the Plan and derivatively to plaintiff for all sums wrongfully withheld.

## Count II Restitution

18. Plaintiff realleges the allegations of paragraphs 1 through 17 as if set forth fully herein.

19. B.U. and BUGSA under, the guise of contributing to a benefit plan, wrongfully converted funds belonging to the plaintiff. Therefore this court under its equitable jurisdiction should

require each defendant to disgorge the money withheld and make restitution to the plaintiff.

### Count III Injunctive Relief

20. Plaintiff realleges the allegations of paragraphs 1 through 19 as if set forth fully herein.

21. The defendant B.U. individually, or B.U. and BUGSA acting in concert have violated and continue to violate the express provisions of ERISA by withholding funds belonging to the plaintiff and not making any contribution to the Plan or alternatively returning the funds to the plaintiff. Therefore, the defendants should be enjoined from further violations of the statute.

**Wherefore,** plaintiff prays for judgement against the defendants in an amount that is meet and just under the circumstances and will fully compensate the Plan and himself for his losses including interest thereon. Further prays that this honorable court enforces his rights under the Plan or clarifies his rights to future benefits under the terms of the Plan and that this honorable court orders the defendants to

make restitution to the plaintiff and that the defendants be enjoined from further violations of ERISA.

Plaintiff prays that he be awarded his attorneys fees and costs in bringing this action pursuant to 29 U.S.C. § 1132 (g)(1).

Dated
3/28/01

Dr. Bruce W. Lowney,
by his attorney

*Richard F. McCarthy*

Richard F. McCarthy
BBO No. 328580
Willcox, Pirozzolo & McCarthy
50 Federal Street
Boston, MA 02110
(617)482-5470  Fax(617)523 1572

8

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

DR. BRUCE W. LOWNEY

**DEFENDANTS**

BOSTON UNIVERSITY, BOSTON UNIVERSITY BENEFITS PLAN AND BOSTON UNIVERSITY GENERAL SURGICAL ASSOCIATES INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT **Suffolk**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Richard F. McCarthy
Willcox, Pirozzolo & McCarthy, P.C.
50 Federal Street
Boston MA 02110

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of ERISA, 29 U.S.C. §1001 et. seq.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23   **DEMAND $** Equitable Relief   Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):   None   JUDGE _____ DOCKET NUMBER _____

DATE  3/28/01
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Dr. Bruce W. Lowney

    v. Boston University

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
              740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___ V.    150, 152, 153.

    01-10541 RCL

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).
    None

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
    No

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? No.
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403) _____

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? No

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)). ~~YES~~ _____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)). ~~YES~~
    NO

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? ~~YES~~   NO   (a) .. IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?

9. IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? EASTERN

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION _____ OR WESTERN SECTION ___ N.A. ___

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Richard F. McCarthy
                 Willcox, Pirozzolo & McCarthy, P.C.
ADDRESS  50 Federal Street, Boston, MA 02110
TELEPHONE NO.  617-482-5470

(Category.frm - 09/92)